AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF RHODE ISLAND

RECEIVED AUG 05 2008 Property of U.S. District Court District of Rhode Island

UNITED STATES OF AMERICA
V.
RONALD L. WILSON
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: ~~CR07-113S~~ CR 08-62S

In accordance with the Bail Reform Act, 18 U.S.C. 3142(f)(1) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. 3142(f)(1) and has been convicted of a (federal offense) (state or local offens that would have been a federal offense is a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C 3156(a)(4).
- ☐ an offense for which the maximum senetence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ______
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense

☐ (3) A period of not more than five years has elasped since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1)

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense

- ☑ for which maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. 841
- ☐ under 18 U.S.C. 924(c)

☑ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(a preponderance of the evidence) that the evidence against defendant is strong, he faces a mandatory minimum sentence of five years in prison, he has a minimal employment history, he allegedly committed the instant crime while serving a sentence of probation, and has failed to rebut the presumption that he is a risk of flight and danger to the community.

### Part III - Directions Regarding Detention

Thedefendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility seperate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshall for the purpose of an appearance in connection with a court proceeding.

Dated: 8-8-08

David L Martin
*Signature of Judicial Officer*

DAVID L. MARTIN, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 801 *et seq*); (b) Controlled substances Import and Export Act (21 U.S.C. 951 *et seq*.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. 955a).

This form was electronically produced by U.S. Attorney's Office in Rhode Island